37 F.3d 1501
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Erwin DANIEL, Petitioner-Appellee,
v.
Howard A. PETERS, III, Director, Department of Corrections,
State of Illinois, Respondent-Appellant.
 No. 92-2091.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1994.*
Decided Oct. 19, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 In Taylor v. Gilmore, 954 F.2d 441 (7th Cir.1992), a panel of this court held that the holding of Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990) (the combined use of Illinois' murder and voluntary manslaughter instructions violated the Due Process Clause), did not announce a "new" rule and therefore is entitled to retroactive application. Accordingly, the district court found Falconer applicable to Erwin Daniel's case (Daniel's sole basis for relief was that the jury instructions given at his trial on murder and voluntary manslaughter--the same instructions challenged in Falconer--violated his right to due process), based on Taylor's binding effect, despite the fact that Daniel's conviction became final prior to Falconer, and granted Daniel's Sec. 2254 habeas petition. On appeal, the state claims that Taylor was decided wrongly and merits reconsideration. We decided to stay decision until the Supreme Court reviewed our decision in Taylor.
 
 
 2
 In Gilmore v. Taylor, 113 S.Ct. 2112, 2116-19 (1993), the Court held that the rule announced in Falconer was "new" within the meaning of Teague v. Lane, 489 U.S. 288 (1989), and may not be applied retroactively to convictions that had become final prior to Falconer. In statements discussing Gilmore's effect, both parties agree that Daniel's case fell squarely within the proscription against the retroactive application of Falconer. Daniel claims, however, that the state failed to present the retroactively challenge to the district court and thereby waived the issue. We disagree.
 
 
 3
 Unlike Hanrahan v. Greer, 896 F.2d 241, 245 (7th Cir.1990), where the state addressed the merits of Hanrahan's habeas petition without "phrasing any objection to retroactivity," id. (emphasis in original), the state on several occasions placed the district court on notice that it did not agree with, and objected to, the retroactivity analysis contained in our Taylor decision and its application to Daniel's case. The state pointedly informed the district court in its initial response to Daniel's petition that it was challenging this court's Taylor decision in the Supreme Court. Later on, in response to Daniel's citation of additional authority, the state again reminded the court of its disagreement with Taylor, stating that "the question of the retroactivity of Falconer should not yet be considered a settled question." The state's abbreviated treatment of the retroactivity issue sufficiently preserved the issue for appellate review. A fuller discussion of the issue was unnecessary in this case in light of the district court's familiarity with Taylor and its binding effect on that court. Cf. Schiro v. Farley, 114 S.Ct. 783, 788-89 (1994) (the Supreme Court did not address state's Teague argument, although it "undoubtedly [had] the discretion" to do so, where the state neither raised the issue in the lower courts nor argued Teague in its brief in opposition to petition for a writ of certiorari.).
 
 
 4
 The order granting the petition for a writ of habeas corpus is REVERSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)